**FILED**
CLERK, U.S. DISTRICT COURT
3/3/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: KM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BRYANT NAJERA GONZALEZ,<br>　　aka "netcat,"<br><br>　　　　Defendant. | CR 2:26-cr-00106-MWC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 2251(a), (e): Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 2251(a), (e)]

On or about April 8, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant BRYANT NAJERA GONZALEZ, also known as "netcat," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of

1 | interstate and foreign commerce and in and affecting interstate and
2 | foreign commerce, and which visual depiction was produced and
3 | transmitted using materials that had been mailed, shipped, and
4 | transported in and affecting interstate and foreign commerce by any
5 | means, including by computer and cellular telephone, and which visual
6 | depiction was actually transported and transmitted using any means
7 | and facility of interstate and foreign commerce and in and affecting
8 | interstate and foreign commerce, including the Internet.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

    (a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

    (b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

    (c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

    (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph

if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

*[signature]*

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

JOSEPH S. GUZMAN
Assistant United States Attorney
National Security Division

KELSEY A. STIMSON
Assistant United States Attorney
General Crimes Section

4