TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
JOSEPH S. GUZMAN (Cal. Bar No. 310493)
Assistant United States Attorney
National Security Division
KELSEY A. STIMSON (Cal. Bar No. 360437)
Assistant United States Attorney
Deputy Chief, General Crimes Section
        1500/1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2438/8230
        Facsimile: (213) 894-6269
        E-mail:    joseph.guzman2@usdoj.gov
                   kelsey.stimson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:26-cr-00106-MWC-1 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| BRYANT NAJERA GONZALEZ, aka "netcat," | |
| Defendant. | **CURRENT TRIAL DATE:    04/27/26** **PROPOSED TRIAL DATE:   10/26/26** |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Joseph S. Guzman and Kelsey A. Stimson, and defendant BRYANT NAJERA GONZALEZ ("defendant"), both individually and by and through his counsel of record, Nathaneal Charles Crowley, hereby stipulate as follows:

1. The Indictment in this case was filed on March 3, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 19, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 12, 2026.

2. On March 10, 2026, the Court set a trial date of April 27, 2026, and a pretrial conference date of April 17, 2026.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 5-6 days.

4. By this stipulation, defendant moves to continue the trial date to October 26, 2026, and pretrial conference date to October 16, 2026. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with a violation of 18 U.S.C. § 2251(a), (e), sexual exploitation of a child for the purpose of producing a sexually explicit visual depiction. The government has produced discovery to the defense, including approximately 5,000 pages of law enforcement reports, data, and communications, among other items, and made available additional photographs and videos. Given the nature of the case, defense counsel likely will need to review certain digital discovery in person on a secured computer.

b. On March 6, 2026, defendant's current counsel substituted in as counsel of record. Defense counsel is presently scheduled to be in multiple upcoming criminal trials, as listed on the attached Exhibit A. Accordingly, counsel represents that he will

not have the time that he believes is necessary to prepare to try this case on the current trial date.

c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.   The government does not object to the continuance.

f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 27, 2026, to October 26, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i)

the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 2, 2026                    Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States
Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division


            /s/
JOSEPH S. GUZMAN
KELSEY STIMSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

I am BRYANT NAJERA GONZALEZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 26, 2026, is an informed and voluntary one.

_____    Date ___4 5 . 26___
NATHANAEL CHARLES CROWLEY
Attorney for Defendant
BRYANT NAJERA GONZALEZ

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 26, 2026.

_____    Date __4/5/26__
BRYANT NAJERA GONZALEZ
Defendant

5

# Exhibit A

DECLARATION OF DEFENSE COUNSEL IN SUPPORT OF STIPULATED TRIAL CONTINUANCE

1 I am the appointed defense attorney for Bryant Gonzalez in the Central District case, 26-cr-00106-MWC.

2. I began work on this case March 6, 2026. After the March 10, 2026 arraignment, jury trial was scheduled for April 27, 2026.

3. I am aware from discussions with the Government that discovery is voluminous and because of its sensitive nature, some requires viewing at the Government's secure location. I anticipate this case will require a significant mitigation investigation.

4. I currently have no criminal jury trials scheduled. However, I have a final Individual Hearing (aka Merits Hearing) in immigration court June 25, 2026.

5. I am on the regular trial court CJA panel for the Southern District and have a CJA duty week about once each month in Santa Ana. I additionally have a handful of retained state court cases and immigration court asylum cases. The Southern District often does not set trial dates until after a motion hearing, well after arraignment, so although my caseload is full, there are no trials set. I currently have 17 federal cases open across the districts, 5 state court cases, and about 20 immigration cases.

6. I have three children, the younger two are 8 and 6. Their summer break usually somewhat limits my ability to work. I have a pre planned vacation July 27 to August 7, 2026.

7. I believe, based on the above personal and professional commitments, that a continuance of the jury trial of approximately 6 months is necessary for me to effectively represent Mr. Gonzalez.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

*/s/ Nate Crowley*
Nate Crowley, SBN 330755
Appointed Counsel for Mr. Gonzalez