TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
JOSEPH S. GUZMAN (Cal. Bar No. 310493)
Assistant United States Attorney
National Security Division
KELSEY A. STIMSON (Cal. Bar No. 360437)
Assistant United States Attorney
Deputy Chief, General Crimes Section
1500/1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2438/8230
Facsimile: (213) 894-6269
E-mail: joseph.guzman2@usdoj.gov
kelsey.stimson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYANT NAJERA GONZALEZ,<br>aka "netcat,"<br><br>Defendant. | No. 2:26-cr-00106-MWC<br><br><u>PLEA AGREEMENT FOR DEFENDANT BRYANT NAJERA GONZALEZ</u> |

1. This constitutes the plea agreement between BRYANT NAJERA GONZALEZ, aka "netcat," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

bg

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count indictment in United States v. Bryant Najera Gonzalez, aka "netcat", Case No. 2:26-cr-00106-MWC, which charges defendant with Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction, in violation of 18 U.S.C. § 2251(a), (e).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

h. That any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's



bg

payment of the full financial obligation, including referral to the Treasury Offset Program.

i. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of guilty pleas, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Unit at 312 North Spring Street, 11th Floor, Los Angeles, California 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l. Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i. Within three (3) days of release from prison, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the defendant's jurisdiction of residence. The defendant shall provide



69

proof of registration to the Probation Officer within 48 hours of registration.

ii. The defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The defendant retains the right to invoke the Fifth Amendment. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

iii. Immediately following sentencing, the defendant shall report directly to the Probation & Pretrial Services Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

iv. As directed by the Probation Officer, the defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.



69

v. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2). This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit the defendant from possessing materials prepared and used for the purposes of the defendant's Court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of the defendant's possession of the material in advance.

vi. The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall the defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

vii. The defendant shall not contact any victim by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from any victim at all times. If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

viii. The defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.



69

ix. With the exception of defendant's own children, defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of the defendant's conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact with in order to obtain ordinary and usual commercial services.

x. The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes the defendant to regularly contact persons under the age of 18.

xi. The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

xii. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

xiii. Defendant shall not reside within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. Defendant's residence shall be approved



h9

by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xiv. The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

xv. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

xvi. Upon release from custody the defendant shall submit to a psycho-sexual evaluation approved and directed by the Probation Officer. The offender shall abide by all rules, requirements, and conditions, of such an assessment, including submission to risk assessment evaluation, and physiological testing, such as polygraph, and Abel testing, to determine if the offender is a risk for sexual re-offending, in need of additional conditions of supervision and sex offender specific treatment. As directed by the



69

Probation Officer, the defendant shall pay all or part of the costs of the evaluation to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

xvii. The defendant shall participate in an evaluation by a trained professional, approved by the Probation Office, to assess the defendant's risk to the community as a sex offender. The evaluation may include physiological testing, such as polygraph and Abel testing. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the evaluation provider. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the sex offender risk evaluation to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

xviii. The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision. Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or



b9

transmit visual depictions of sexually explicit conduct involving children.

xix. All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search, seizure and computer monitoring. This shall not apply to items used at the employment site that are maintained and monitored by the employer.

xx. The defendant shall comply with the rules and regulations of the Computer Monitoring Program. The defendant shall pay the cost of the Computer Monitoring Program.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i. One iPhone 14, serial number LHW6LP9MJ9 ("Forfeitable Property 1").

ii. One iPhone 8, serial number GHHZ52S1JCLY ("Forfeitable Property 2").

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets.

c. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including,



h9

without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

f. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g. Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h. To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i. That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the



hg

forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

THE USAO'S OBLIGATIONS

4. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 2422(b) (Enticement of a Minor to Engage in Criminal Sexual Activity), 18 U.S.C. § 2252A(a)(2)(A) (Receipt and Distribution of Child Pornography), and 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Possession of Child Pornography) arising out of defendant's



69

conduct described in the agreed-to factual basis set forth in paragraph 13 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a). Defendant further agrees that he may be treated as if he had been convicted of the uncharged conduct for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of the charge. Defendant waives the right to challenge the sufficiency of the factual basis as to any element of the uncharged conduct in the agreed-to factual basis set forth in paragraph 13 below.

<u>NATURE OF THE OFFENSE</u>

5. Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction, in violation of 18 U.S.C. § 2251(a), (e), the following must be true:

a. At the time, the victim was under the age of 18 years;

b. Defendant employed, used, persuaded, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

c. Defendant either (a) knew or had reason to know that the visual depiction would be mailed or transported across state



69

lines or in foreign commerce; (b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce; or (c) the visual depiction was mailed or actually transported across state lines or in foreign commerce.

PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, 2251(a), (e) is: 30 years' imprisonment; a lifetime period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, 2251(a), (e) is: 15 years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

8. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court may impose an additional special assessment up to $50,000 if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts



b9

greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim. The parties currently believe that the applicable amount of restitution is approximately $200,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or



69

ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of



69

guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between April 2025 and continuing through at least June 2025, in Los Angeles County, within the Central District of California, defendant used the Internet, computers, digital storage devices, and cellular telephones to knowingly employ, use, persuade, induce, entice, and coerce and knowingly attempt to employ, use, persuade, induce, entice and coerce at least two girls, who he knew were minors at all relevant times, to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, in violation of 18 U.S.C. § 2251(a), (e), knowing those depictions would be transported in foreign commerce. Specifically, defendant used social media platforms, direct messaging, and other online means of communication, to knowingly entice and knowingly attempt to entice at least two minor children abroad on at least two separate occasions to create and send to him child sexual abuse material ("CSAM").

Defendant's conduct constituted a pattern of activity involving prohibited sexual conduct with a minor on at least two separate occasions, within the meaning of U.S.S.G. § 4B1.5.

<u>Minor Victim 1</u>

On or around April 8, 2025, defendant uploaded to a Discord server (a social media platform) the following three videos that depicted Minor Victim 1 ("MV1"), a then 11-year-old girl located outside of the United States:



bg

- A video titled "SPOILER_20250407_161518.mov" ("Video 1"). Video 1 is a 34-second video of CSAM of MV1, which shows MV1's vagina and shows MV1 masturbating.

- A video titled "SPOILER_20250407_161309.mov" ("Video 2"). Video 2 is a 29-second video of CSAM of MV1, which shows MV1's anus and vagina. In the video, MV1 made a heart shape with her fingers towards the camera. The video also showed that MV1 had several red lateral scratches and/or healed cuts visible on both of her thighs.

- A video titled "SPOILER_20250407_135021.mov" ("Video 3"). Video 3 is a 22-second video of CSAM of MV1, which shows MV1 undressing and exposing her pubic area and buttocks. The video showed that MV1 had several red lateral scratches and/or healed cuts on both thighs. At 20 seconds into the video, MV1 said to the camera, "Hey NETCAT."

Also on or about April 8, 2025, defendant, used a computer or interactive computer service, namely, Discord, and from his Discord display name "netcat," communicated with MV1, who he knew to be a minor. Specifically, over Discord, defendant enticed MV1 to produce CSAM of herself:

> i wanna see you on yr back.. with your legs up also flat on ur belly ass up.. just show yourself off.. I like when you do it freely its so cute watching you do that and just say my name or something youd look so cute in so many poses I have in mind , youre gonna turn me into a perv..

In response to this message, MV1 sent over Discord a video to defendant that mirrored what he requested ("Video 4"). Video 4, titled "5668909086_1359380719356350674_20250409_133819," is a 27-second video of CSAM of MV1, which shows MV1 naked on her back on a bathroom floor. In the video, she lifted her legs up then rolled onto her stomach and arched her back. MV1 then faced the camera and posed on her side. She walked her hands forward toward the camera and laid her head on the floor close to the camera lens. The focal point of the video was MV1's naked body and pubic area. Several red



69

lateral scratches and/or healed cuts appeared visible on her thigh. After receiving this video, defendant wrote to MV1 on Discord: "I feel like a perv fuck asking you this lolz/you are a cute lil fuck doll look at you./you are beaut."

Approximately one hour later on April 8, 2025, defendant engaged in a direct message chat with Discord User 1. In violation of 18 U.S.C. § 2252A(a)(2)(A), defendant distributed to Discord User 1 eight videos and two images, including the above-described Videos 1-4 and the following:

- A video of CSAM of MV1 titled "1351811093047152726_1359380725668909086_1359380721084399638_SPOILER_20250407_161715" ("Video 5") that was 26 seconds in length and depicted MV1 naked on her knees. The focal point of the video was MV1's exposed breasts and pubic area and showed MV1 kiss the lens.

- An image of CSAM of MV1 titled "1359380720195469333_rn_image_picker_lib_temp_6ca3e24c-a4b4-4600-8762-76562ffd1846" ("Image 1") that depicted MV1 naked and with her pubic area exposed.

On or about April 16, 2025, defendant communicated via direct message with Discord User 2. In violation of 18 U.S.C. § 2252A(a)(2)(A), defendant distributed to Discord User 2 Video 3 and another video of MV1 titled "1361992805987254493_1362020921812062288_1362020921371656242_20250407_121107" ("Video 6") that was 9 seconds in length and depicted MV1 undressing and exposing her pubic area. After defendant sent Videos 3 and 6 to Discord User 2, defendant and Discord User 2 engaged in a direct chat in which defendant messaged: "See her tits/there like fucking/Not tits theyre just nips" and "shes such a whore its insane/Like she knows toooo much for anfucking eleven year old." Defendant



bG

then sent Video 5 to Discord User 2 and wrote "She has a nice cunt" and "But yeah this bitch is insnsNe for an 11 bro."

Minor Victim 2

On or around May 19, 2025, defendant, using a computer or an interactive computer service, namely, Discord, and from his Discord display name "netcat," communicated via direct message with Minor Victim 2 ("MV2"), a then 15-year-old girl located outside of the United States. Defendant knew at all relevant times that MV2 was a minor. During the direct message chat, defendant directed MV2 to record a video of herself naked, licking a toilet bowl and slapping herself in the face, in an attempted violation of 18 U.S.C. § 2251(a). Defendant and MV2 exchanged the following messages:

> Defendant: [MV2's display name] i wantyou to lick yr toilet seat
>
> MV2: How is this hot/id it cu sim doing something disgusting for u
>
> Defendant: bc i love to see you be cute and humiliate yrself
>
> MV2: Do u still want me to lick da toilet
>
> Defendant: the actual toilet btw. not the seat/lift up the seat
>
> Defendant: bro how do italian toilets look like
>
> Defendant: good little girl, just prop yr phone up ig. oh and take your top and bottoms off okay [MV2's first name].
>
> Defendant: don't do it yet, tell me before u do it
>
> MV2: CLOTHES OFF?
>
> Defendant: obviously/youll need it off for the other video anyway



b6

For several minutes defendant directed MV2 on how to hold the phone and record the video to show her naked body. Defendant wrote:

> <u>Defendant</u>: don't be super zoomed in/I want to see your tiny body
>
> <u>MV2</u>: I took the vid
>
> <u>Defendant</u>: mmm send it

MV2 then sent Defendant three videos, each of which depicted her licking a toilet bowl:

- A one-second video titled, "1372615424390463511_1374060031858708593_1374060030420324352_IMG_0267," ("Video 7");
- A one-second video titled, "1372615424390463511_1374060031858708593_1374060031527620698_IMG_0259," ("Video 8"); and
- A half-second video titled, "1372615424390463511_1374060031858708593_1374060031019847681_IMG_0260" ("Video 9").

The chat continued over Discord after MV2 sent defendant the three above-described videos:

> <u>MV2</u>: Never doing again sybau
>
> <u>Defendant</u>: Did it wrong/Again
>
> <u>Defendant</u>: Like dont put it so close to your face
>
> <u>MV2</u>: IL make a vid with my body/I dont wanna lick the oitlet again
>
> <u>Defendant</u>: No/grr/Youll wash yr mouth after anyway, get it out of the way
>
> <u>MV2</u>: Ok waif
>
> <u>Defendant</u>: Take everything off



BG

Defendant: oh and when you lick it. Say im sorry netcat

MV2 then sent defendant two videos of her licking a toilet bowl:

- A three-second video titled, "372615424390463511_1374062821037441088_1374062820697833573_IMG_0270 ("Video 10"), which depicted MV2 topless and licking a toilet bowl; and
- A one-second video titled, "1372615424390463511_1374062821037441088_1374062821184114688_IMG_0275" ("Video 11"), which depicted MV2 licking a toilet bowl.

Defendant then messaged MV2 on Discord: "oh and give yrself a lil slap on the face/love tap/from me." MV2 sent two videos of herself engaged in self-harm:

- A three-second video titled, "1372615424390463511_1374068900857253918_1374068900173447308_IMG_0279" ("Video 12") that depicted MV2 saying, "I'm sorry Netcat" and slapping herself in the face; and
- A one-second video titled, "1372615424390463511_1374068900857253918_1374068900572037322_IMG_0283" ("Video 13") that depicted MV2 punching herself forcefully in the face three times.

Possession of Child Pornography

On or about February 19, 2026, in Los Angeles County, within the Central District of California, defendant knowingly possessed on Forfeitable Property 1 video recordings and images of CSAM, including CSAM of MV1. In addition, defendant knowingly possessed on Forfeitable Property 2 video recordings and images of CSAM.



BG

SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Production of CSAM of MV1

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Victim Under 12 Years Old: | +4 | U.S.S.G. § 2G2.1(b)(1)(A) |
| Distribution: | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Use of Computer: | +2 | U.S.S.G. § 2G2.1(b)(6) |
| Repeat and Dangerous Sex Offender Against Minors: | +5 | U.S.S.G. § 4B1.5(b)(1) |

Pseudo-Count for Attempted Production of CSAM of MV2

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Minor Under Age 16: | +2 | U.S.S.G. § 2G2.1(b)(1)(B) |
| Use of Computer: | +2 | U.S.S.G. § 2G2.1(b)(6) |
| Repeat and Dangerous Sex Offender Against Minors: | +5 | U.S.S.G. § 4B1.5(b(1) |



BG

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including U.S.S.G. § 2G2.1(b)(4)(A) (Sadistic or Masochistic Conduct).

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.



BG

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF RETURN OF DIGITAL DATA

19. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

WAIVER OF APPEAL OF CONVICTION

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND OF COLLATERAL ATTACK

21. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 40 and criminal history category calculated by the Court,



BG

defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $657,576.80; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraphs 2 and 3 above.

22. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.



BG

23. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 40 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $200,000.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

24. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding



BG

and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

25. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO



BG

may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.



BG

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.



BG

NO ADDITIONAL AGREEMENTS

32. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//



BG

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States
Attorney

8/25/2026

JOSEPH S. GUZMAN
KELSEY A. STIMSON
Assistant United States Attorneys

Date

8 22 26

BRYANT NAJERA GONZALEZ
Defendant

Date

8 22 26

NATHANAEL CHARLES CROWLEY
Attorney for Defendant
BRYANT NAJERA GONZALEZ

Date



BG

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

bryantGonzalez ____________________ 8 22 26 ____________________

BRYANT NAJERA GONZALEZ
Defendant

Date



BG

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am BRYANT NAJERA GONZALEZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

NATHANAEL CHARLES CROWLEY
Attorney for Defendant
BRYANT NAJERA GONZALEZ

8 22 26
Date



BG

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

bryant Gonzalez ______________________ 8 22 26 ______________________

BRYANT NAJERA GONZALEZ
Defendant

Date



BG